IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Miller, et al.,                :

    Plaintiffs,                 :

v.                                  :     Case No. 2:98-cv-0275

Reginald Wilkinson, et al.,         :     JUDGE SARGUS

    Defendants.                 :

## ORDER

This prisoner civil rights case is before the Court to consider several motions related to the request of certain class members to intervene for purposes of asserting their individual claims for relief in addition to class claims for relief. The Court begins with such a motion filed by named plaintiff Darryl Blankenship.

By way of brief background, this class action raises many claims relating to the named plaintiffs' desire to practice the Asatru religion in the state prison setting. Following its remand from the United States Supreme Court, which resolved the constitutionality of the Religious Land Use and Institutionalized Persons Act of 1998 (RLUIPA), see Cutter v. Wilkinson, 544 U.S. 709 (2005), the case has been the subject of an intensive settlement effort in which the named plaintiffs, as well as class counsel, have been active participants. Another mediation conference is set for April 6, 2009. While this case has been pending, however, other claims relating to the Asatru religion have been asserted in other lawsuits, including Eberle v. Wilkinson, Case No. 2:03-cv-272, and Ratcliff v. Moore, Case No. 1:05-cv-582. In both of those cases, the parties have engaged in motions practice concerning the extent to which the cases overlap with the Miller case.

Mr. Blankenship is a plaintiff in Eberle. He had asserted

claims in that case concerning being forced to work on days which are deemed holy days by the Asatru religion. The <u>Eberle</u> court concluded that those claims are subsumed within the class claims asserted here. Nevertheless, Mr. Blankenship has filed a motion to intervene here to assert those claims on his own behalf. The defendants have indicated they do not oppose the motion in principal, but have suggested that the Court defer any action on it until a more appropriate time, such as when settlement negotiations are complete.

    Mr. Blankenship is already a party to this case, so he does not need to intervene. Further, the Court agrees that the holy day claims are a part of the class claims, so the Court is uncertain that allowing Mr. Blankenship to pursue these claims apart from the class claims would serve any useful purpose. Nevertheless, both the defendants and class counsel seem to think that granting his motion at some point would be appropriate. The motion to intervene (#402) is therefore GRANTED. However, given the current status of the case, any proceedings on Mr. Blankenship's individual claims are STAYED pending the results of settlement negotiations on that aspect of the class claims. For the same reason, Mr. Blankenship's motion for discovery on his work day claims (#414) is DENIED AS MOOT and without prejudice to its renewal, if appropriate, should the stay of his claim be lifted. His motion for a docket sheet (#415) is DENIED based on class counsel's representation that counsel would provide a copy of the docket sheet to Mr. Blankenship.

    IT IS SO ORDERED.

3-31-2009
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE